UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARINA ANDERSON, an individual; LERAJJAREAN RA-O-KEL-LY, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>GAVIN NEWSON, Governor of the State of California, et al.,<br><br>Defendants. | Case No.: 20-cv-00315-AJB-JLB<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFFS' MOTION TO FILE IN FORMA PAUPERIS AS MOOT;**<br><br>**(2) DENYING PLAINTIFFS' EX PARTE MOTION FOR TEMPRORARY RESTRAINING ORDER AS MOOT; AND**<br><br>**(3) DISMISSING THE COMPLAINT WITH LEAVE TO AMEND**<br><br>**(Doc. Nos. 10, 11, 13)** |

The Court reviews pro se Plaintiffs, Karina Anderson and Lerajjarean Ra-O-Kel-Ly's ("Plaintiffs") first amended complaint ("FAC") under 28 U.S.C. § 1915(e), as required when plaintiffs file a motion to proceed in forma pauperis ("IFP"). (Doc. Nos. 10, 11.) Pursuant to this mandatory screening, the Court finds that Plaintiffs' FAC does not sufficiently state a claim for relief. Thus, the Court **DENIES** as moot Plaintiffs' IFP motions, (Doc. Nos. 10, 11), and **DENIES** as moot Plaintiffs' motion for temporary restraining order, (Doc. No. 13), and **DISMISSES** Plaintiffs' FAC with leave to amend, (Doc. No. 9).

## I. SCREENING UNDER 28 U.S.C. § 1915(e)

Under 28 U.S.C. § 1915(e)(2), when reviewing an IFP motion, the Court must rule on its own motion to dismiss before the complaint is served. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). *See also Butler v. Nat'l Cmty. Renaissance of California*, 766 F.3d 1191, 1204 n.8 (9th Cir. 2014) (noting that "[o]ther federal circuit courts of appeals have held that the [90]–day service period is tolled until the court screens a plaintiff's in forma pauperis complaint and authorizes service of process") (citations omitted). The Court must dismiss the complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (noting 28 U.S.C. § 1915(e)(2)(B) is "not limited to prisoners"); *Lopez*, 203 F.3d at 1127 ("[§] 1915(e)) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim").

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Accordingly, the Court "may dismiss as frivolous complaints reciting bare legal conclusions with no suggestion of supporting facts[.]" *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984) (internal quotations omitted).

However, pro se pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" because pro se litigants are more prone to making errors in pleading

than litigants represented by counsel. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotations omitted); *see Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded by statute on other grounds*. Thus, the Supreme Court states federal courts should liberally construe the "'inartful pleading' of pro se litigants." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (quoting *Boag v. MacDougall*, 454 U.S. 364, 365 (1982)).

**A. Background**

On February 18, 2020, Plaintiffs, related as husband and wife, filed their original complaint alleging that because Plaintiff Ra-O-Kel-Ly must register as a sex offender in a public registry, they are homeless and suffer various harms resulting from homelessness. (*See generally* Doc. No. 1.) On May 5, 2020, the Court dismissed Plaintiffs' original complaint, finding that "the crux of their complaint appears to be their allegation regarding a violation of the Equal Protection Clause of the Fourteenth Amendment, and that Plaintiffs "fail[ed] to allege both that they are similarly situated, and that there is no rational basis to treat sex offenders differently." (Doc. No. 8 at 4.) The Court also found that Plaintiffs' complaint failed to meet Federal Rule of Civil Procedure 8's requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief." (*Id.* at 3.) The Court thereafter granted Plaintiffs leave to amend their complaint. (*Id.* at 6.)

On June 17, 2020, Plaintiffs filed a FAC, again alleging an array of statutory and constitutional violations, all of which stem from an equal protection claim under the Fourteenth Amendment for their inability to secure housing due to Plaintiff Ra-O-Kel-Ly's status as a sex offender. (*See generally* Doc. No. 9.) In addition, Plaintiffs allege that arrests and issuance of tickets "for being homeless" amounts to "cruel and unusual punishment" under the Eight Amendment. (*See Id.* at 30.) They also allege discrimination under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act of 1973. (*See Id.* at 31, 36.)

**B. Plaintiffs Fail to State a Claim for Which Relief Can Be Granted**

As previously indicated, Plaintiffs' FAC contains various claims, the crux of which appear predicated on a violation of the Equal Protection Clause of the Fourteenth

Amendment. (*See generally* Doc. No. 9 at 18–37.) For instance, in their FAC, Plaintiffs make repeated references to discrimination in the form of being deprived housing opportunities based on Plaintiff Ra-O-Kel-Ly's sex offender status. (*See, e.g.*, *Id.* at 10, 14, 16–18, 20, 25, 27–29.) As the Court noted in its earlier decision dismissing Plaintiffs' original complaint, the Equal Protection Clause of the Fourteenth Amendment requires only that persons who are similarly situated be treated alike. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985); *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013); *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013); *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008).

To state a claim under the Equal Protection Clause, Plaintiffs must show that Defendants intentionally discriminated against them based on their membership in a protected class. *Hartmann*, 707 F.3d at 1123; *Furnace*, 705 F.3d at 1030; *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003). **Sex offenders do not constitute a suspect class for equal protection purposes**. *See United States v. LeMay*, 260 F.3d 1018, 1030–31 (9th Cir. 2001). Where no suspect class or fundamental right is implicated, equal protection claims are subject to a rational basis review. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *United States v. Juvenile Male*, 670 F.3d 999, 1009 (9th Cir. 2012); *Nelson v. City of Irvine*, 143 F.3d 1196, 1205 (9th Cir. 1998) ("Unless a classification trammels fundamental personal rights or implicates a suspect classification, to meet constitutional challenge the law in question needs only some rational relation to a legitimate state interest.").

Because sex offenders is not a suspect class, Plaintiffs' equal protections claims are subject to the lowest level of scrutiny: rational basis review. *See Village of Willowbrook*, 528 U.S. at 564. Thus, to the extent Plaintiffs claim they are being denied equal protection under the Fourteenth Amendment because they are treated differently from persons who are not registered sex offenders, they fail to state an equal protection claim. The Court reiterates that this is because Plaintiffs fail to allege that they are similarly situated and that there is no rational basis to treat sex offenders differently. *Cf. Juvenile Male*, 670 F.3d at

1010 (noting that "SORNA's requirements satisfy rational basis review and do not violate the Equal Protection Clause."); *Doe v. Tandeske,* 361 F.3d 594, 597 (9th Cir. 2004) (holding, with respect to Alaska's sex offender registration laws, that "the statute's provisions serve a legitimate non-punitive purpose of public safety, which is advanced by alerting the public to the risk of sex offenders in their community") (internal quotations and citations omitted).

To the extent that Plaintiffs allege a violation of the Eight Amendment to the U.S. Constitution, they fail to state a claim. (*See* Doc. No. 9 at 30.) Plaintiffs have not alleged a law that criminalizes the "simple act of sleeping outside on public property" when there is no option to sleeping indoors. *Martin v. City of Boise*, 920 F.3d 584, 617 (9th Cir. 2019). *See also id.* ("Our holding is a narrow one. Like the *Jones* panel, we in no way dictate to the City that it must provide sufficient shelter for the homeless, or allow anyone who wishes to sit, lie, or sleep on the streets at any time and at any place.") (internal quotations and alterations omitted). Moreover, other than generalized assertions that they fear being ticketed or fined, Plaintiffs have not pled facts sufficient to show they have been subjected to excessive fines or a credible threat of being subjected to such fines. Thus, they have failed to state an Eight Amendment claim.

To the extent that Plaintiffs allege a violation of Title II of the ADA and Section 504 of the Rehabilitation Act, they have failed to allege facts to show that they are being discriminated against due to their disabilities. *See Weinreich v. Los Angeles Cty. Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997) (noting that in the context of Title II ADA and Section 504 Rehabilitation Act claims, the discrimination must be by reason of the plaintiff's disability). To the contrary, Plaintffs' FAC indicates that they have been denied entry into certain homeless shelters because of Plaintiff Ra-O-Kel-Ly's sex offenders, not because of any disability. (*See* Doc. No. 9 at 34 (alleging that "denying shelter to registered sex offenders" yields discrimination in the form of being unable "to obtain parking permits available to people with physical addresses and benefits of the City's parking program").)

Moreover, it is unclear what Plaintiffs' alleged disabilities are, and which specific

"policies and practices" are at issue. (*Id.*) The FAC contains only generalized references to "shelter, housing, and safe parking programs." (*Id.* at 34, 37.) And while Plaintiffs request that they be allowed "to legally park their vehicles on City streets or other public property and to utilize their vehicles for shelter" until they secure housing, (*Id.* at 33), such accommodations would appear to fundamentally alter the nature of city services provided, *see* 28 C.F.R. § 35.130(b)(7)(i). In addition, Plaintiffs have not shown that they have been denied access to City streets or other public property in a way different from those without disabilities. Thus, for the foregoing reasons, Plaintiffs have failed to state a claim under the ADA and Rehabilitation Act. *See Thompson*, 295 F.3d 890, 895 (9th Cir. 2002) (per curiam) (noting the elements for an ADA discrimination claim); *Weinreich* 114 F.3d 976, 978 (9th Cir. 1997) (noting the elements for ADA and Rehabilitation Act claims).

## II.     MOTION TO PROCEED IN FORMA PAUPERIS

Plaintiffs move to proceed IFP under 28 U.S.C. § 1915. All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP under 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). All actions sought to be filed IFP under § 1915 must be accompanied by an affidavit, signed by the applicant under penalty of perjury, that includes a statement of all assets which shows inability to pay initial fees or give security. Civ LR 3.2.a.

However, even if a plaintiff meets the income requirement, the Ninth Circuit indicates that leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) is properly granted only when plaintiff has demonstrated poverty *and* presented a claim that is not factually or legally frivolous. *See Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987) (emphasis added).

Thus, a court "may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Id.*

For the reasons set forth above Plaintiffs' FAC is without merit, and thus, the Court **DENIES** Plaintiffs' IFP motions as moot. (Doc. Nos. 10, 11.)

## III.  EX PARTE MOTION

Plaintiffs filed an ex parte motion for temporary restraining order and preliminary injunction on October 22, 2020. However, as Plaintiffs' FAC failed to state a cognizable claim, their motion is moot. Accordingly, the Court **DENIES** as moot Plaintiffs' ex parte motion for temporary restraining order and preliminary injunction. (Doc. No. 13.)

## IV.  CONCLUSION

In sum, the Court **DISMISSES** Plaintiffs' FAC, (Doc. No. 9), **DENIES** as moot Plaintiffs' IFP motions, (Doc. Nos. 10, 11), and **DENIES** as moot Plaintiffs' ex parte motion for temporary restraining order and preliminary injunction, (Doc. No. 13).

Leave to amend is to be given freely, Fed. R. Civ. P. 15(a)(2), but a court's discretion to deny leave "is particularly broad where plaintiff has previously amended the complaint." *Ascon Props., Inc. v Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). Thus, Plaintiffs' FAC is **DISMISSED WITHOUT PREJUDICE**, and Plaintiffs will have a final opportunity to amend their complaint. Plaintiffs must file both (1) a renewed IFP motion and (2) an amended complaint on or before November 16, 2020, or risk having this case dismissed with prejudice for failure to prosecute.

**IT IS SO ORDERED.**

Dated: October 26, 2020

Hon. Anthony J. Battaglia
United States District Judge